| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE ALLEN SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF ALLEN ) | | CAUSE NO.: 02D01-1404- |

02D02-14 04-CT-000225

JENNIFER COWAN, )
)
      Plaintiff, )
)
v. )
EAGLE CARE, LLC/AMERICAN )
SENIOR COMMUNITIES d/b/a )
SUMMIT CITY NURSING AND )
REHABILITATION, )
)
      Defendant. )

## COMPLAINT

Comes now Plaintiff, by Counsel, and alleges against the Defendants as follows:

1. Plaintiff is Jennifer Cowan, a resident of Allen County, Indiana and a qualified employee of the Defendant at all times relevant to this Complaint.

2. Defendant is Eagle Care, LLC/American Senior Communities d/b/a Summit City Nursing and Rehabilitation a company doing business at 2940 N. Clinton, Fort Wayne, IN 46805 with its corporate offices located at 6900 S. Gray Road, Indianapolis, IN 46237. The Defendant was an "employer" for the purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 1211 et seq. ("ADA"), and ERISA Section 510.

3. The Plaintiff filed her first Charge of Discrimination on August 1, 2013, EEOC No. 470-2013-03014, a copy of which is attached hereto, incorporated herein, and made a part hereof as Exhibit "A". The EEOC issued a Dismissal and Notice of Rights/Notice of Suit Rights on January 30, 2014, a copy of which is attached hereto, as Exhibit "B". The Plaintiff filed her second Charge of Discrimination on

August 1, 2013, EEOC No. 470-2013-03029, a copy of which is attached hereto, incorporated herein, and made a part hereof as Exhibit "C". The EEOC issued a Dismissal and Notice of Rights/Notice of Suit Rights on January 30, 2014, a copy of which is attached hereto, as Exhibit "D". All administrative remedies have been exhausted, and all jurisdiction prerequisites have been met for the filing of this suit.

4. The Plaintiff was a qualified employee of the Defendant's whose son suffers from a serious medical condition (premature ventricular contractions) constituting a disability by association under the ADA and who was eligible for benefits through the Defendant under ERISA § 510, at all material times to this Complaint.

5. The Plaintiff began working for the Defendant September 26, 2012, as a LPN until her wrongful termination on February 15, 2013. Plaintiff was originally told she would be eligible for health insurance benefits on December 1, 2012 – her benefits did not become effective until January 1, 2013.

6. From January 22, 2013 through February 1, 2013, Plaintiff had 3 separate doctor's appointments scheduled for her son. Plaintiff explained her son's serious health condition to her direct supervisor, Elaine. Each time Plaintiff missed work, she planned ahead for her shift to be covered by a co-worker.

7. On February 6, 2013, Plaintiff received a phone call that her son needed to attend 2 additional doctor's appointments in February to attend to his serious health condition. Plaintiff called Defendant's scheduling department and informed them of her son's illness and upcoming doctor's appointment later in the month.

8. Plaintiff went to work without incident on February 7, 2013. During the afternoon

of February 8, 2013, Plaintiff was approached by a supervisor who asked her why she wasn't assisting a patient. Plaintiff explained that she was working on something else and that other co-workers were assisting that patient. Shortly thereafter, Plaintiff was called in to her supervisor's office and told that someone reported she was mean to a patient. Plaintiff explained the allegation was untrue and relayed all of her interactions with the patient that day.

9. On February 9, 2013, Plaintiff received a phone call from her supervisor stating that she was suspended for verbal abuse. Plaintiff was formally terminated on February 15, 2013.

10. Plaintiff had never received a write-up, complaint or reprimand from staff, patients or supervisors, during her employment with the Defendant. Plaintiff asserts that she never spoke in an abusive manner to any client.

11. Plaintiff denies the allegation against her, but in the alternative asserts that even if true, Defendant did not follow their progressive discipline policy when terminating her without a write-up or warning.

12. Plaintiff contends that the Defendant's proffered reasons for the termination was false and pretextual, and that in reality Defendant terminated her on the basis of her son's serious health condition, perceiving her as needing additional time off of work to tend to his serious health condition, to which the Defendant did not want to accommodate, in violation of the ADA and/or because they perceived her as a financial burden due to the expense her son would incur under the employee sponsored health plan, terminating Plaintiff in violation of ERISA § 510.

13. The Defendant's discriminatory and/or retaliatory conduct was the direct and

proximate cause of the plaintiff suffering the loss of her job and job related benefits including income, health insurance and subjected the Plaintiff inconvenience, mental anguish, emotional distress, and other damages and injuries.

14. The Defendant's discriminatory and/or retaliatory conduct was intentional, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the ADA, and ERISA § 510. Imposition of punitive damages is appropriate (where available), as is imposition of liquidated damages (where available).

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant for compensatory damages, punitive damages (where available), equitable relief, back pay, front pay, restitution, reasonable attorneys' fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

CHRISTOPHER C. MYERS & ASSOCIATES

*/s/ Christopher C. Myers* by IMS
Christopher C. Myers, #10043-02

*/s/ Ilene M. Smith*
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:  (260) 424-0600
Facsimile:  (260) 424-0712
E-mail:  cmyers@myers-law.com
  ismith@myers-law.com
Attorneys for Plaintiff

RJG/nlo
S:\Cowan, Jennifer\Pleadings\Complaint.docx

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA  [X] EEOC | 470-2013-03014 |

|  | Equal Employment Opportunity Commission | and EEOC |
|---|---|---|
|  | *State or local Agency, if any* |  |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Jennifer L. Cowan |  |  |

| Street Address | City, State and ZIP Code |
|---|---|
| 11624 Arcola Road | Arcola, IN 46704 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Eaglecare, LLC | 50+ | 317-788-2500 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6900 S. Gray Road | Indianapolis, IN 46237 |

EEOC Indianapolis District Office
AUG 06 2013
RECEIVED

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Summit City Nursing and Rehabilitation | 50+ | 260-484-0602 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2940 N. Clinton, Fort Wayne, IN  46805, managed by American Senior Communities, LLC, 6900 S. Gray Rd., Indianapolis, IN  46237   Telephone: 888-788-2501 |  |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION  [ ] OTHER (Specify) | Earliest: 2/8/2013   Latest: 2/15/2013  [ ] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

The Complainant (whose son has a disability) is an employee of Respondents. Her son suffers from a serious medical condition constituting a disability/perceived disability/record of impairment. Complainant asserts a disability claim based on affiliation. The Complainant alleges she was discriminated against, denied reasonable accommodations, and retaliated against on the basis of her son's disability/perceived disability/record of impairment, in violation of her federally protected rights under the Americans with Disability Act of 1990, 42 U.S.C. § 1211 *et seq.* (ADA). (In the alternative, the Complainant alleges that she was discriminated against and retaliated against in violation of her federally protected rights under ERISA § 510).

The Respondents are Eaglecare, LLC, Summit City Nursing and Rehabilitation, and American Senior Communities, LLC. The Respondents are an "Employer" for the purposes of the ADA (and the ERISA § 510).

The Complainant was a hard-working and loyal employee of the Respondents until her wrongful and retaliatory discharge on or about February 15, 2013. At all material times to this Charge, Complainant performed within the reasonable expectations of her employer until the date of her wrongful discharge.

On or about January 1, 2013, Complainant's health insurance became active. (Her health insurance was scheduled to become active on December 1, 2012. However, for unknown reasons, it was postponed a month). On or about January 22, 2013, Complainant took her fifteen (15) year old son to see a cardiologist for investigation into a potential heart problem. Further testing was conducted on January 25, 2013 and on February 1, 2013. During these appointment times, Complainant had her shifts covered properly as Respondents required. On or about February 6, 2013, Complainant called her supervisor and explained her

USDC IN/ND case 1:14-cv-00166-RL document 5 filed 04/30/14 page 6 of 10

son's serious health condition. For the first time, Complainant requested a day off for a more extensive appointment later in that month. Her supervisor told her that it would not be a problem.

Complainant worked for two (2) days after disclosing her son's serious health condition to her supervisor without incident. On or about February 9, 2013, Complainant received a phone call from her supervisor informing her that she was suspended for allegedly verbally abusing a patient. Complainant was formally terminated on or about February 15, 2013.

Complaint vehemently denies that she ever spoke inappropriate to any patients. Complainant asserts that she never received a negative evaluation in any form or substance from patients or supervisors and that Respondents' reason for terminating Complainant was pretextual.

Complainant asserts that Respondents actually terminated Complainant because they perceived Complainant's son as suffering from a disability and they did not want to make the reasonable accommodations of giving Complainant time off of work for short-periods of time to attend to her son's serious heart condition.

The Respondents' discriminatory and retaliatory conduct, and its failure to grant reasonable accommodations, was the direct and proximate cause of the Complainant suffering the loss of her job and job related benefits including income, and subjected her to inconvenience, emotional distress, mental anguish, and other damages and injuries. The Respondents wrongful and unlawful conduct, furthermore, was intentional, knowing, willful, wanton and in reckless disregard of the Complainant's federally protected rights under the ADA.

In the alternative, the Complainant alleges that the Respondents did not want to incur the additional medical premiums that her son's serious health condition was going to cost, and as a result she was being discriminated against and retaliated against in violation of her federally protected rights under ERISA § 510.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements<br>Shelly Landrum, Notary — Resident Adams Co.<br>Exp. 4-14-2016 |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 8-1-13<br>Date — Rebecca Bates, Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>8-1-13 Shelly Landrum, Notary Public |

EOC Form 5 (11/09)

/RG

S:\Cowan, Jennifer\EEOC Charge of Disc.doc

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jennifer L. Cowan<br>11624 Arcola Rd.<br>Arcola, IN 46704 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2013-03014 | Brien L. Shoemaker,<br>Enforcement Supervisor | (317) 226-6118 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations** that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Webster N. Smith,
Director

JAN 3 0 2014
*(Date Mailed)*

Enclosures(s)

cc: Tareen Zafrullah
FAEGRE BAKER DANIELS, LLP
300 N Meridian Street, Suite 2700
Indianapolis, IN 46204

Christopher C. Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 S. Calhoun #400
Fort Wayne, IN 46802

EXHIBIT "B"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

Equal Employment Opportunity Commission _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Jennifer L. Cowan | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Street Address<br>11624 Arcola Road | City, State and ZIP Code<br>Arcola, IN 46704 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>Eaglecare, LLC. | No. Employees, Members<br>50+ | Phone No. (Include Area Code)<br>317-788-2500 |
|---|---|---|
| Street Address<br>6900 S. Gray Road | City, State and ZIP Code<br>Indianapolis, IN 46237 | |

| Name<br>Summit City Nursing and Rehabilitation | No. Employees, Members<br>50+ | Phone No. (Include Area Code)<br>260-484-0602 |
|---|---|---|
| Street Address<br>2940 N. Clinton, Fort Wayne, IN 46805, managed by American Senior Communities, LLC, 6900 S. Gray Rd., Indianapolis, IN 46237     Telephone: 888-788-2501 | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 2/8/2013   Latest: 2/15/2013
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

The Complainant (whose son has a disability) is an employee of Respondents. Her son suffers from a serious medical condition constituting a disability/perceived disability/record of impairment. Complainant asserts a disability claim based on affiliation. The Complainant alleges she was discriminated against, denied reasonable accommodations, and retaliated against on the basis of her son's disability/perceived disability/record of impairment, in violation of her federally protected rights under the Americans with Disability Act of 1990, 42 U.S.C. § 1211 et seq. (ADA). (In the alternative, the Complainant alleges that she was discriminated against and retaliated against in violation of her federally protected rights under ERISA § 510).

The Respondents are Eaglecare, LLC, Summit City Nursing and Rehabilitation, and American Senior Communities, LLC. The Respondents are an "Employer" for the purposes of the ADA (and the ERISA § 510).

The Complainant was a hard-working and loyal employee of the Respondents until her wrongful and retaliatory discharge on or about February 15, 2013. At all material times to this Charge, Complainant performed within the reasonable expectations of her employer until the date of her wrongful discharge.

On or about January 1, 2013, Complainant's health insurance became active. (Her health insurance was scheduled to become active on December 1, 2012. However, for unknown reasons, it was postponed a month). On or about January 22, 2013, Complainant took her fifteen (15) year old son to see a cardiologist for investigation into a potential heart problem. Further testing was conducted on January 25, 2013 and on February 1, 2013. During these appointment times, Complainant had her shifts covered properly as Respondents required. On or about February 6, 2013, Complainant called her supervisor and explained her

EXHIBIT "A"

son's serious health condition. For the first time, Complainant requested a day off for a more extensive appointment later in that month. Her supervisor told her that it would not be a problem.

Complainant worked for two (2) days after disclosing her son's serious health condition to her supervisor without incident. On or about February 9, 2013, Complainant received a phone call from her supervisor informing her that she was suspended for allegedly verbally abusing a patient. Complainant was formally terminated on or about February 15, 2013.

Complaint vehemently denies that she ever spoke inappropriate to any patients. Complainant asserts that she never received a negative evaluation in any form or substance from patients or supervisors and that Respondents' reason for terminating Complainant was pretextual.

Complainant asserts that Respondents actually terminated Complainant because they perceived Complainant's son as suffering from a disability and they did not want to make the reasonable accommodations of giving Complainant time off of work for short-periods of time to attend to her son's serious heart condition.

The Respondents' discriminatory and retaliatory conduct, and its failure to grant reasonable accommodations, was the direct and proximate cause of the Complainant suffering the loss of her job and job related benefits including income, and subjected her to inconvenience, emotional distress, mental anguish, and other damages and injuries. The Respondents wrongful and unlawful conduct, furthermore, was intentional, knowing, willful, wanton and in reckless disregard of the Complainant's federally protected rights under the ADA.

In the alternative, the Complainant alleges that the Respondents did not want to incur the additional medical premiums that her son's serious health condition was going to cost, and as a result she was being discriminated against and retaliated against in violation of her federally protected rights under ERISA § 510.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements<br>Shelly Landrum, Notary — Resident Adams Co., Exp. 4-14-2016 |
| I declare under penalty of perjury that the above is true and correct.<br><br>8-1-13 _____<br>Date   Rebecca Bates, Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>8-1-13   Shelly Landrum, Notary Public |

EOC Form 5 (11/09)

/RG

S:\Cowan, Jennifer\EEOC Charge of Disc.doc

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Jennifer L. Cowan<br>11624 Arcola Road<br>Arcola, IN 46704 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2013-03029 | Brien L. Shoemaker,<br>Enforcement Supervisor | (317) 226-6118 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations** that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

JAN 3 0 2014

Enclosures(s)

Webster N. Smith,
Director

(Date Mailed)

cc:
Tareen Zafrullah
FAEGRE BAKER DANIELS, LLP
300 N Meridian Street, Suite 2700
Indianapolis, IN 46204

Christopher Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 S. Calhoun St. #400
Fort Wayne, IN 46802

EXHIBIT "D"